Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| TYLER HEADDRESS,<br><br>          Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | )<br>)<br>)<br>)  **COMPLAINT**<br>)<br>)<br>)<br>) |

Plaintiff alleges as follows:

1.      Plaintiff Tyler Headdress is an enrolled tribal member on the Fort Peck

Indian Reservation, a citizen of the State of Montana, and a resident of

Roosevelt County, Montana.

2.      This Court has jurisdiction over this cause of action pursuant to the Federal

Tort Claims Act, 28 U.S.C. 2671, *et seq*., because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

3.  This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

4.  Tyler filed Federal Tort Claim Act claims on October 1, 2019, and the Department of Interior Bureau of Indian Affairs received the claims on October 7, 2019. The government has not acted on the claims, therefore Plaintiff's claims are now ripe for adjudication.

5.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b) and LR 1.2 because the incidents giving rise to this lawsuit occurred in Roosevelt County, Montana.

6.  On December 12, 2018, Tyler Headdress was incarcerated at the Fort Peck Tribal Jail on a $100 bond.

7.  Tyler did not have $100 to post bond so he remained in jail.

8.  On December 15, 2018, while Tyler was laying on the floor in one of the jail pods with a blanket over his head, another inmate, Silas Red Dog, began kicking Tyler in the head and body.

9.   Tyler put his hands around his face and head to protect himself and Silas Red Dog kicked Tyler's hands and broke several bones in Tyler's hands.

10.   Silas Red Dog then left the area. Tyler got up and went to the main pod area, where Silas Red Dog accosted him and began punching Tyler. Tyler fought back.

11.   The altercation was soon halted by jail employee John Olsen and another guard.

12.   Tyler was placed in segregation.

13.   Tyler hands swelled and he asked guards to be taken to the emergency room to have his hands checked out.

14.   Over the next four days, Tyler repeatedly asked guards to have his hands checked by medical personnel.

15.   On December 18, 2018, Tyler's father, Henri Headdress, attempted to bail Tyler out of the jail. Jail personnel did not allow him to bail out Tyler.

16.   On December 19, 2018, a female guard told Tyler that he would be taken to the Indian Health Service clinic.

17.   Tyler was not taken to the Indian Health Service on December 19, 2018.

18.   Tyler repeatedly asked jail employees to allow him to make a telephone call

to alert relatives of his condition, but jail employees refused to allow Tyler to make a telephone call because he was on disciplinary status.

19.   On December 20, 2018, a jail employee named Debbie Bear allowed Tyler to call his grandmother.

20.   On December 21, 2018, after she found out about Tyler's condition, Tyler's aunt Debra Ricker bonded Tyler out of tribal jail.

21.   As Tyler and Ms. Ricker were leaving the jail, they encountered Warden Ron Jackson. Mr. Jackson told them he was unaware that Tyler needed medical care or had asked for medical care while incarcerated.

22.   Ms. Ricker took Tyler to the Poplar Indian Health Service clinic, where x-rays revealed multiple fractures in Tyler's hands.

23.   Indian Health Service staff consulted with surgeons at the Billings Clinic, who recommended surgery. Because providers at the Indian Health Service were unable to perform the surgeries required, Tyler was referred to the Billings Clinic.

24.   Per the directions of the Billings Clinic surgeon, Indian Health Service staff placed splints on Tyler's hands.

25.   Because of the Christmas holiday, Tyler was not scheduled for surgery until

December 31, 2018.

26.   The surgeries were not able to repair Tyler's hands completely; Tyler still experiences continuous pain in his hands.

27.   This suit seeks money damages as compensation for the injuries and damages incurred and continuing to be incurred by Tyler that were caused by the negligent and wrongful acts and omissions of Defendant's agents, employees of the United States Government acting within the scope of their office and employment, under circumstances where the United States, if a private person, would be liable to Tyler in accordance with the laws of the State of Montana.

28.   The United State is liable for the actions and conduct of its agents as alleged in this Complaint, as they were acting within the course and scope of their employment as officers for the Bureau of Indian Affairs.

29.   While acting under the color of state law, agents of Defendant subjected Tyler to deprivation of rights, privileges, or immunities secured by the United States Constitution, namely that Defendant's agents failed to protect Tyler from an attack by another inmate, Silas Red Dog, and agents of Defendant deprived Tyler of adequate medical care.

30. Defendant's agents acted with deliberate indifference to the substantial risk of serious harm to Tyler.

31. Tyler would have suffered less harm if Defendant's agents had not acted with deliberate indifference to the substantial risk of harm to Tyler.

32. Tyler had a serious medical need which was so obvious a lay person could recognize the necessity for a doctor's attention. Defendant's agents were subjectively aware of Tyler's serious medical need.  Defendant's agents' responses to Tyler's medical needs were medically unacceptable under the circumstances and were made in conscious disregard of an excessive risk to Tyler's health.

33. Defendant's agents were deliberately indifferent to Tyler's serious medical needs in violation of his Constitutional rights. Defendant's agents' deliberate indifference shocks the conscience and offends the community's sense of fair play and decency, and resulted in harm to Tyler.

34. At all times pertinent, Defendant was subject to a duty of care under law to protect Tyler's constitutional, statutory, and common law rights.

35. Defendant's agents breached the applicable standards of care, including negligent violation of Tyler's constitutional, statutory, and common law

rights, and negligent performance of official duties.

36.    Defendant's agents' conduct caused damage to Tyler.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

1.    For judgment in such amounts as shall be proven at the time of trial.

2.    For an award of attorney's fees and costs as provided by any applicable provision of law.

3.    For such other and further relief as the Court deems just and equitable.

DATED this 20th day of April, 2020.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC